IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| PRICE VENTURES, LLC, d/b/a LA FIESTA FRESH MEXICAN GRILL & CANTINA | ) ) ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.

C O M P L A I N T

JURY TRIAL DEMAND

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Alexus Dudeck ("Dudeck"). As alleged with greater specificity below, Defendant Price Ventures, LLC d/b/a La Fiesta Fresh Mexican Grill & Cantina ("Defendant") subjected Dudeck to a sexually hostile work environment because of her sex, female, and reduced her scheduled work hours in retaliation for her opposition to the sexual harassment, in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Virginia.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a Virginia corporation doing business in the State of Virginia and the City of Bluefield, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Alexus Dudeck filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On August 8, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On September 14, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

Sexual Harassment

12. From around February 28, 2015 until around March 2, 2015, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)-2. Specifically, Defendant subjected Dudeck to sexual comments and conduct that created a sexually hostile work environment because of Dudeck's sex, female, at Defendant's La Fiesta Mexican Grill and Cantina restaurant in Bluefield, Virginia.

13. The sexual comments and conduct Dudeck was subjected to were unwelcome to Dudeck, and was perpetrated by Defendant's male restaurant manager ("restaurant manager"). The restaurant manager had the authority to hire and fire employees for Defendant. He hired Dudeck and was Dudeck's direct supervisor.

14. Dudeck began working for Defendant around August 2014 as a hostess. She was 18 years of age at the time, and the job was only her second job.

15. The restaurant manager's age at the time is unknown, but he was significantly older than Dudeck. Dudeck knew him to be the father of one of Dudeck's school mates.

16. Initially, Dudeck viewed the restaurant manager as a caring manager who gave her the hours she needed.

17. On or about February 28, 2015, the restaurant manager invited Dudeck to meet him at Defendant's restaurant after hours. Dudeck believed that other employees would be at the restaurant as well.

18. When Dudeck entered the restaurant the only person present was the restaurant manager. Dudeck sat down in a booth in the restaurant. The restaurant manager offered Dudeck a beer and was himself drinking alcohol.

19. Initially, the restaurant manager sat across from Dudeck in the booth. Dudeck and the restaurant manager talked about work, including Dudeck's interest in becoming a server.

20. The restaurant manager appeared to be grabbing his crotch several times while he and Dudeck talked.

21. The restaurant manager left the booth, presumably to go to the restroom. When he returned, he stood at the end of the booth and while still grabbing his crotch, asked Dudeck if he could sit beside her in the booth.

22. Over Dudeck's objection, the restaurant manager sat next to her in the booth. The restaurant manager made sexual comments and touched Dudeck in a sexual way while sitting in the booth. The sexual comments and touching were uninvited and unwelcome to Dudeck.

23. The unwelcome sexual comments and touching included, but were not limited to, the following:

   a) the restaurant manager asked Dudeck if he could kiss her. Dudeck responded "no." Despite Dudeck's objection, the restaurant manager pressed against Dudeck and tried to forcibly kiss her. Dudeck told the restaurant manager to "stop."

   b) although Dudeck tried to get away from the restaurant manager, the restaurant manager pulled Dudeck towards him and forcibly kissed her;

   c) the restaurant manager propositioned Dudeck for sex at least three times. Dudeck responded "no";

    d) the restaurant manager placed his hand on Dudeck's leg and rubbed half-way up her thigh towards her crotch at least twice. Dudeck pushed his hand off her thigh; and

    e) the restaurant manager forcibly kissed Dudeck a second time while also placing one of his hands on her neck, placing his other hand on her breast, and pressing himself against her body so as to push Dudeck against the wall.

24. Dudeck pushed the restaurant manager off her and grabbed her keys to leave. At that time, the restaurant manager propositioned Dudeck for sex again. Duckeck told him no, and that he needed to go home to his wife (who also worked for Defendant). Dudeck left the restaurant.

25. On March 2, 2015, the restaurant manager again subjected Dudeck to unwelcome sexual comments, including but not limited to asking Dudeck about the size of his penis and telling Dudeck that she could tell the size of his penis by looking at his foot.

26. Dudeck reported the sexual comments and touching to Defendant's general manager on or around March 6, 2015. Dudeck was not subjected to further sexual harassment by the restaurant manager.

27. On information and belief, the restaurant manager had previously engaged in the same or similar sexual conduct with at least one other female employee of Defendant.

28. By written agreement dated September 2, 2014, the restaurant manager agreed to pay said female employee $1500, provide her a certain work schedule, and promised her "full amnesty from termination at any point in time." In exchange, said female employee agreed to, among other things, "Not disclose any information of the *sexual harassment exhibited*

*profoundly towards her by [the restaurant manager]* to any other party, …," and file no legal action. (Emphasis supplied).

29. The sexual comments and touching experienced by Dudeck from the restaurant manager were unwelcome to Dudeck. Dudeck refused the sexual advances; tried to get away from the restaurant manager when he touched her; told the restaurant manager to stop touching her; and reported the conduct to Defendant's general manager shortly after the harassment occurred.

30. Defendant is vicariously liable for the sexual harassment of Dudeck as the sexually harassing comments and conduct were perpetrated by Defendant's restaurant manager, who had the authority to take tangible employment actions Dudeck and other Defendant employees and who was a supervisor in Dudeck's direct line of supervision.

31. At all relevant times, Defendant failed to take reasonable care to prevent the sexual harassment as the company did not have in place a sexual harassment policy or complaint procedures.

Retaliation

32. Between March 6, 2015 and November 2015 Defendant engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. §2000e-3. Specifically, Defendant reduced Dudeck's work hours in retaliation for Dudeck's opposition to the sexual harassment.

33. On or about March 6, 2015, Dudeck complained to Defendant's General Manager about the sexual harassment described above.

34. Dudeck's complaints are protected activity under Title VII as she opposed conduct she reasonably believed to be a violation of the statute.

35. After Dudeck's March 6, 2015 complaint, Defendant reduced the number of hours Dudeck was scheduled to work each pay period. Prior to engaging in a protected activity Defendant scheduled Dudeck to work approximately 28 to 43 hours in a two-week pay period (in January and February 2015). Following Dudeck's complaint, Defendant scheduled Dudeck to work approximately 9 to 17 hours in each two-week pay period (March to July 2015).

36. On information and belief, the restaurant manager's wife, who also worked for Defendant, was responsible for making the schedule during the period when Dudeck's hours were reduced. The restaurant manager had been suspended for sexual harassment by that time.

37. Defendant subjected Dudeck to sexual harassment and retaliated against her by reducing her work hours because she complained of the sexual harassment.

38. The effect of the practices complained of above has been to deprive Dudeck of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female, and because she engaged in a protected activity under Title VII.

39. The unlawful employment practices complained of above were intentional.

40. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Dudeck.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a sexually hostile environment and all other employment practices that discriminate based on sex.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation in with Defendant, from retaliating against individuals for engaging in a protected activity.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Dudeck whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant to make Dudeck whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

F. Order Defendant to make Dudeck whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses pain, in amounts to be determined at trial.

G. Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Order Defendant and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Alexus Dudeck.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        131 M Street, NE
        Washington, D.C. 20507

        LYNETTE A. BARNES
        Regional Attorney

        KARA GIBBON HADEN (VSB #39682)
        Supervisory Trial Attorney
        Charlotte District Office
        129 W. Trade Street, Suite 400
        Charlotte, NC 28202

        s/ Suzanne L. Nyfeler
        SUZANNE NYFELER (VSB #40450)
        Senior Trial Attorney
        Richmond Local Office
        400 N. 8th Street, Suite 350
        Richmond, VA 23219
        Phone: (804) 771-2215
        Fax: (804) 771-2222
        Email: Suzanne.Nyfeler@eeoc.gov